UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM R. SOREY, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:11-cv-0859 |
| v. | ) Judge Trauger |
| YRC, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the court is the defendant's Motion to Dismiss (Docket No. 17), to which the plaintiff has responded (Docket No. 21). Also before the court is the plaintiff's Motion to Amend (Docket No. 22). For the reasons discussed herein, the defendant's Motion to Dismiss will be denied as moot, while the plaintiff's Motion to Amend will be granted.

The plaintiff commenced this action on September 12, 2011, alleging that the defendant discriminated against him on the basis of his disability and also retaliated against him for engaging in activity protected by the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* (Docket No. 1.) He alleges that the defendant's conduct violated the Rehabilitation Act and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.* (2011). (*Id.*) On November 21, 2011, the defendant filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and argued that the plaintiff's complaint should be dismissed because all of his claims were time-barred under the applicable statutes of limitations. (Docket No. 17.)

The plaintiff responded to the defendant's motion on December 2, 2011. (Docket No.

1

21.)  On the same date, the plaintiff filed a motion seeking leave to amend his Complaint to clarify and further detail some of the allegations contained therein.  (Docket No. 22.)  He attached a proposed Amended Complaint as an exhibit to his motion.  (Docket No. 22, Ex. 1.)  The court hereby grants the plaintiff's Motion to Amend.

The filing of the Amended Complaint moots the defendant's pending motion to dismiss the original Complaint.  The court will therefore deny the defendant's motion.  Under Federal Rule of Civil Procedure 15(a)(3), the defendant would ordinarily be required to respond to the Amended Complaint by December 16, 2011.  *See* Fed. R. Civ. P. 15(a)(3).  Yet, as Rule 15(a)(3) grants the court discretion to alter the deadline to respond to an amended pleading, the court hereby orders that the defendant file a response to the Amended Complaint by noon on December 19, 2011.

## CONCLUSION

For all of the reasons discussed herein, the defendant's Motion to Dismiss (Docket No. 17) is **DENIED** as moot, while the plaintiff's Motion to Amend (Docket No. 22) is **GRANTED**.  The defendant is ordered to file a response to the Amended Complaint by noon on December 19, 2011.  The Initial Case Management Conference will remain as scheduled on December 20, 2011 at 1:15 p.m..

It is so ordered.

_____
ALETA A. TRAUGER
United States District Judge